UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AFSHIN BAHRAMPOUR,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SECRETARY OF DEFENSE, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:13-cv-02231-APG-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION<br><br>(IFP App – Dkt. #1) |

This matter is before the court on Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1). Plaintiff Afshin Bahrampour is a prisoner proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint  This proceeding was referred to this court by Local Rule IB 1-9.

**I.　Plaintiff's Application to Proceed In Forma Pauperis.**

Plaintiff has submitted the financial affidavit and inmate trust account statement required by 28 U.S.C. §1915(a)(2) showing an inability to prepay costs and fees. His Application to Proceed In Forma Pauperis will, therefore, be granted.

**II.　Screening the Complaint.**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

1 § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986). '

///

- 2 -

1    Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,
2 because they are no more than mere conclusions, are not entitled to the assumption of truth."
3 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the
4 framework of a complaint, they must be supported with factual allegations." *Id.* "When there
5 are well-pleaded factual allegations, a court should assume their veracity and then determine
6 whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a
7 complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing
8 court to draw on its judicial experience and common sense." *Id*.

9    Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the
10 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on
11 legal conclusions that are untenable (e.g., claims against defendants who are immune from suit
12 or claims of infringement of a legal interest which clearly does not exist), as well as claims based
13 on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*,
14 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15    Plaintiff's Complaint names a variety of federal and state entities as Defendants,
16 including the Secretary of Defense and unspecified employees of NASA, the Department of
17 Justice Sex Offender Apprehension Program, the National Security Agency, the Nevada District
18 Attorney's Office, the CIA, and the Department of Health and Human Services. The facts
19 alleged in Plaintiff's complaint are difficult to follow and, at times, incomprehensible. He
20 alleges that sometime in 2009 or 2010, he had sex with a prostitute who later informed him she
21 had had a past sexual partner who was HIV-positive. Plaintiff asserts he did not contract HIV.
22 Additionally, in 1997, he was convicted of two counts of sodomy with a minor in Washington
23 County, Oregon, for which he served a three-year prison sentence. He asserts that he moved to
24 Las Vegas, and law enforcement here, including at the District Attorney's Office, have been
25 following, harassing, and intimidating him "into committing new crimes or into endless torture"
26 by using tactics of the Justice Department's SOAP program, run by the Las Vegas Metropolitan
27 Police Department.
28 / / /

1    Plaintiff alleges Defendant violated his right to equal protection under the Fourteenth
2    Amendment because Plaintiff was "not treated as a free citizen [when law enforcement was]
3    following him around 'in person' or via 'RFID' tag or via 'National Security Electro-magnetic
4    Frequency' monitoring." Complaint at 8. His allegations become more fantastic. For example,
5    he claims that he has been under 24/7 surveillance, and the NSA and CIA have used GPS
6    satellites to track him, with the cooperation of NASA. He discusses the war in Iraq and
7    Afghanistan, the abuses to women that occurred there, and includes an expletive-filled narrative
8    about the "fragile American male psyche" and its causing women to be raped. Plaintiff seeks
9    compensatory and punitive damages for violation of his civil rights, injunctive and declaratory
10   relief, and "patent infringement and fair use royalties" related to his "brainstorm[ing] some novel
11   uses" for electromagnetic frequencies.

12   18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual
13   contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios."
14   *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Plaintiff's factual claims describe fantastic
15   and delusional scenarios and do not state a claim upon which relief can be granted. Leave to
16   amend will not be granted because Plaintiff's claims are so fantastic and delusional that
17   amendment would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
18   banc) (citing *Doe v. United States*, 58 F.3d 494,497 (9th Cir. 1995) (leave to amend should be
19   granted unless amendment would be futile)).

20   Based on the foregoing,

21   **IT IS ORDERED** that:

22   1.   Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) is GRANTED.
23        Plaintiff shall not be required to pay an initial installment fee. Even if this action
24        is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.
25        § 1915(b)(2).

26   2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of
27        prepayment of any additional fees or costs or the giving of security therefor. This
28   / / /

- 4 -

Order granting in forma pauperis status shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.

4. If plaintiff should be transferred to the custody of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account.

5. The Clerk shall SEND a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV, 89101.

6. The Clerk of Court shall file Plaintiff's Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted and that this case be CLOSED.

Dated this 7th day of May, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing

1 to object to the findings and recommendations of a magistrate judge shall file and serve *specific*
2 *written objections* together with points and authorities in support of those objections, within
3 fourteen days of the date of service of the findings and recommendations.  The document should
4 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties
5 are advised that failure to file objections within the specified time may waive the right to appeal
6 the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and
7 authorities filed in support of the specific written objections are subject to the page limitations
8 found in LR 7-4.